UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVION ALMON, | ) | |
| | ) | Case No. 21-3421 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| TRANS UNION LLC, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, DAVION ALMON, by and through his attorneys, and for his Complaint against the Defendant, TRANS UNION LLC ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for Defendant's violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, which regulates the furnishing and reporting of consumer credit information.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FCRA. In addition, the FCRA, 15 U.S.C. § 1681p, provides that this action may be brought in "any appropriate United States district court."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time this action is commenced, Defendant's contacts with this District are sufficient to subject it to personal jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Maywood, Illinois.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), as he is an individual.

6. Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b), as it is a corporation.

7. On information and belief, Defendant is a person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

8. Defendant was responsible for reporting information about Plaintiff on Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

9. On information and belief, Defendant is a limited liability company of the State of Delaware, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

10. On or about April 5, 2020, Plaintiff noticed inaccurate information appearing on his consumer credit report.

11. Among the inaccurate items appearing on Plaintiff's credit report were a false name, address, and several accounts which did not belong to Plaintiff.

12. Plaintiff believed the inaccurate items to be the result of identity theft.

13. Accordingly, Plaintiff sent Defendant a letter on April 5, 2020, notifying Defendant of the identity theft and requesting prompt reinvestigation of the inaccurate information.

14. Plaintiff further requested the removal of the fraudulent items on his credit report, correction of any inaccurate reporting, and a promotional suppression of his credit file.

15. Defendant failed to properly reinvestigate the inaccurate items on Plaintiff's credit report and continued reporting said items.

16. On or about January 8, 2021, Plaintiff sent Defendant another formal dispute letter reiterating that he had been a victim of identity theft and again requesting that the inaccurate information be reinvestigated and removed.

17. According to the tracking number on Plaintiff's certified mail receipt, Defendant received the letter on February 4, 2021. The letter was signed for by "L. Wilson."

18. Plaintiff took further action to report the identity theft, including filing a complaint with the Federal Trade Commission and filing a police report.

19. Despite Plaintiff's diligence in pursuing the matter, Plaintiff never received a response to his letters.

20. Defendant continues to report the inaccurate information on Plaintiff's credit report.

21. On information and belief, Defendant failed to adequately reinvestigate the derogatory and inaccurate items on Plaintiff's credit report.

22. Defendant is aware that this incorrect information on Plaintiff's consumer report is going to be disseminated to various other persons or parties who will be reviewing this information for the purpose of potentially extending offers of credit, insurance, and/or employment to Plaintiff.

23. Despite Plaintiff's efforts to date, Defendant has deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the disputes described above as required by the FCRA, has failed to remove and/or correct the inaccurate information from Plaintiff's consumer report, and has continued to report the inaccurate derogatory information about Plaintiff on his consumer report.

24. As a result of Defendant's actions and omissions as set forth above, Plaintiff has been damaged, and continues to be damaged, in numerous ways which include, but are not limited to, the following:

    a. Stress, aggravation, frustration, emotional distress, and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    b. Denial of credit, loans, financing, and/or other damages, not yet known by Plaintiff; and

    c. Decreased credit score, which has resulted in the inability to obtain credit, and may result in the inability to obtain credit in the future.

25. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of Plaintiff's statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for the legal rights of Plaintiff herein.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

28. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 27 above as if reiterated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

30. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

31. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendant.

Wherefore, Plaintiff, DAVION ALMON, respectfully prays this Honorable Court enter judgment against Defendant TRANS UNION LLC as follows:

    a. An award of actual damages sustained by Plaintiff, pursuant to 15 U.S.C. § 1681o(a)(1);

    b. An award of statutory damages of $1,000.00 to Plaintiff for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    c. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    d.    An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

    e.    Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

DAVION ALMON

By:    /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com